UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABO STAFFING SERVICES, INC.,

               Plaintiff,               Civil Case No. 22-11696
                                             Honorable Linda V. Parker

v.

UNITEDHEALTHCARE INSURANCE
COMPANY,

               Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND SETTING HEARING AND BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 2)

On July 22, 2022, Plaintiff ABO Staffing Services Inc. ("ABO") initiated this action against its healthcare provider, UnitedHealthcare Insurance Company ("United"). (ECF No. 1.) ABO claims that United gave notice on June 30, 2022, that it intended to rerate ABO's group insurance policies effective July 1, 2022, and that ABO had to accept the new rates by July 11, 2022, or United would cancel the group policies on August 1, 2022. Additionally, United demanded that ABO complete and return an eligibility audit by July 31, 2022 and sign a letter of Agreement. ABO alleges that United had no right to change the Schedule of Premium Rates because, per the Group Policy Contract, rate changes only could be

made after the first anniversary of the effective date, which is January 1, 2023, or in response to a material misrepresentation.

On the date the Complaint was filed, ABO filed a motion for a preliminary injunction.  (ECF No. 2.)  On July 26, 2022, ABO filed an amended complaint (ECF No. 4) and a motion for temporary restraining order and/or preliminary injunction (ECF No. 5).  ABO alleges a breach of contract claim (Count I) and a "claim" for injunctive relief (Count II).  (ECF No. 4.)  On July 28 and 29, 2022, the Court held telephonic conferences with respect to ABO's motion, which counsel for ABO and United attended.  At the conference, counsel for United informed the Court that United was in receipt of the motion and stated United's position with respect to the parties' dispute.  After  reviewing ABO's motion and hearing the representations of counsel, the Court is granting a temporary restarting order and setting a briefing schedule and hearing on the motion for preliminary injunction.

"When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65."  *Career Agents Network, Inc. v. Careeragentsnetwork.biz*, No. 09-CV-12269, 2009 WL 1707956, at *1 (E.D. Mich. June 17, 2009) (citing *Leslie v. Penn Cent. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969)).  Federal Rule of Civil Procedure 65 states in relevant part that:

> The court may issue a temporary restraining order without
> written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly
> show that immediate and irreparable injury, loss, or damage
> will result to the movant before the adverse party can be heard
> in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made
> to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit." *Richardson v. Wells Fargo Bank, NA*, No. 13-cv-10234, 2013 WL 3367434, at *2 (E.D. Mich. July 5, 2013).

The same factors are considered in determining whether to issue a TRO or a preliminary injunction. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.*; *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). The Court finds that: (1) ABO will suffer irreparable injury if United is not required to maintain the status quo of

3

coverage pending determination of the preliminary injunction request; (2) ABO has shown, for purposes of this motion, that it is likely to succeed on the merits of its breach of contract claim; and (3) the balance of hardships tips in favor of ABO because failure to issue the restraining order could cause hundreds of families to be suddenly uninsured.

Therefore,

**IT IS ORDERED** that ABO's request for a temporary restraining order is granted in that:

> 1) United is prohibited from rescinding group policy coverage for a period of at least fourteen (14) days pursuant to Rule 65 of the Federal Rules of Civil Procedure;
>
> 2) Each party reserves the right to litigate the issue of whether the premium rate change is enforceable;

**IT IS FURTHER ORDERED**, that ABO shall post an undertaking within five (5) business days of the entry of this Order with the Clerk of the Court in the form of a bond, cash, or check in the sum of $94,468 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of a wrongful restraint hereunder.

**IT IS FURTHER ORDERED**, that the temporary restraining order will expire in 14 days or if the parties execute an agreement negating the need for the temporary restraining order, whichever occurs first.

4

**IT IS FURTHER ORDERED** that the parties shall appear before the Court

for a hearing on Plaintiff's motion for preliminary injunction on **August 10, 2022**

**at 3:00 p.m.** via Zoom Webinar:

> https://www.zoomgov.com/j/1619868988?pwd=R2dzYjlOcnFHcktrV
> 0Rpb Ct3U3pxZz09 Passcode: 468540
> Or One tap mobile : US: +16692545252,,1619868988#  or
> +16468287666,,1619868988#
> Or Telephone: Dial(for higher quality, dial a number based on your
> current location): US: +1 669 254 5252  or +1 646 828 7666  or +1
> 551 285 1373  or +1 669 216 1590
> Webinar ID: 161 986 8988.

United shall file a response to ABO's motion on or before **5:00 p.m. on August 5**,

and ABO shall file a reply brief on or before **5:00 p.m. on August 8**.

**IT IS SO ORDERED.**

s/Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated and Time: July 29, 2022
at 7:30 p.m.