UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABO STAFFING SERVICES, INC.,
a Michigan corporation,

       Plaintiff,

v

UNITEDHEALTHCARE INSURANCE
COMPANY, a Connecticut corporation,

       Defendant.

Case No. 2:22-cv-11696
Hon. Judge Linda Parker

_____/

| | |
|---|---|
| DAVID B. TIMMIS (P40539)<br>DAVID Q. HOUBECK (P77002)<br>VANDEVEER GARZIA, P.C.<br>Attorneys for Plaintiff<br>840 W. Long Lake Road, Suite 600<br>Troy, MI 48098<br>(248) 312-2800<br>dtimmis@vgpclaw.com<br>dhoubeck@vgpclaw.com | ROGER P. MEYERS (P73255)<br>BUSH SEYFERTH PLLC<br>Attorneys for UnitedHealthcare Insurance Company<br>100 W. Big Beaver Rd. Suite 400<br>Troy, MI 48084<br>(248) 822-7800<br>meyers@bsplaw.com |

_____/

**PLAINTIFF'S REPLY TO DEFENDANT UNITEDHEALTHCARE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S EMERGENCY *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION TO STAY THE ENFORCEMENT OF DEFENDANT'S RATE CHANGE AND/OR RECISSION OF THE APPLICABLE GROUP HEALTH INSURANCE POLICY**

NOW COMES the Plaintiff, ABO STAFFING SERVICES, INC., by and through its attorneys, VANDEVEER GARZIA, P.C., and for its REPLY TO DEFENDANT UNITEDHEALTHCARE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S EMERGENCY *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION TO STAY THE ENFORCEMENT OF DEFENDANT'S RATE CHANGE AND/OR RECISSION OF THE APPLICABLE GROUP HEALTH INSURANCE

POLICY, brought pursuant to this Honorable Court's July 29, 2022 Opinion and Order (**Exhibit J**, ECF No. 10), and Rule 65 of the Federal Rules of Civil Procedure, states as follows:

Absent the entry of the present Emergency *Ex Parte* Motion for a Temporary Restraining Order and/or Preliminary Injunction to Stay the Enforcement of Defendant's Rate Change and/or Recission of the Applicable Group Health Insurance Policy **hundreds of families would have been unexpectedly without health insurance**. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Int'l Union v Michigan*, 211 Mich App 20, 26; 535 NW2d 210 (1995). **Despite previously seeking a Preliminary Injunction for a period of at least sixty (60) days, the Plaintiff, ABO Staffing Services, Inc. (ABO Staffing) now only needs a Preliminary Injunction until September 1, 2022, for the reasons set forth below.**

In its response, the Defendant, UnitedHealthcare Insurance Company (UHC), attempts to prematurely litigate the merits of this breach of contract action by making numerous defamatory and unsupported factual assertions about the Plaintiff, ABO Staffing Services, Inc. (ABO Staffing). The first and most significant of which is UHC's claim that ABO Staffing is a Professional Employer Organization (PEO). **ABO Staffing is not a PEO.** ABO Staffing is a staffing company. **The enrollees of the UHC Group Policy are employees of ABO Staffing.**

Next, UHC asserts that ABO Staffing improperly added employees of ABO Staffing to the UHC Group Policy. This is simply not true. **ABO Staffing added employees to the UHC Group Policy by using UHC's online self-serve portal as employees enrolled in the Group Policy. ABO Staffing had no contractual obligation to obtain consent from UHC to add employees to the Policy.** ABO Staffing did not "discretely" add employees to the Policy. Rather, **ABO Staffing used the procedures set forth by UHC to add enrollees to the Policy.**

2

Finally, the President of America's Back Office, a separate entity from ABO Staffing, David Otto has not been found responsible for any of the allegations set forth in *Hartford Underwriters Ins Co, et al v David Otto*, Case No. 21-cv-11599.

At this early stage of this matter, hundreds of families across the country should not be forced to bear the brunt of any dispute between UHC and ABO Staffing by having their health insurance, for which they duly paid, unexpectedly terminated or only available at an astronomical premium rate. As such, ABO Staffing respectfully requests this Honorable Court grant its present Motion to prohibit UHC from rescinding its current policy until September 1, 2022 to provide ABO Staffing time to obtain and enroll its employees and their dependents in alternative health insurance coverage.

**I.      ABO Staffing has demonstrated that a preliminary injunction is warranted.**

**A. ABO Staffing is likely to succeed on the merits as UHC breach its agreement to provide health insurance coverage for ABO Staffing's enrolled employees by attempting to either rerate the Group policy seven months into the policy or, in the alternative, cancel the Group policy.**

UHC has no contractual or other right to increase or alter the Group Policy at this time. The Group Policy provides that UHC may change the Schedule of Premium Rates "after 31-day prior written notice on the first anniversary of the effective date of this Policy shown in the Group *Application*, on any following monthly due date, or on any date the provisions of this Policy are amended" or "if a Material Misrepresentation relating to health status has resulted in a lower schedule of rates." (**Exhibit A**, Group Policies, ECF No. 5-2, Article 3 and Exhibit 1). The "first anniversary of the effective date of this Policy" is January 1, 2023. Accordingly, UHC has no right to rerate the Group Policy approximately seven months into the one-year policy.

UHC also has no right to increase the premium rates under the "material misrepresentation provision" of the Group Policy. Contrary to UHC's assertions, ABO Staffing has not made any

3

misrepresentations regarding its status as a staffing company. **ABO Staffing is not a PEO.** ABO Staffing is a staffing company which has no licensure requirements. America's Back Office, Inc. is a PEO and the plan administrator of the UHC's group health insurance policy with ABO Staffing. (**Exhibit K,** Affidavit of David Otto). ABO Staffing is the plan sponsor. (**Exhibit K**).

**The individuals enrolled in the Group Policy are employees of ABO Staffing**. ABO Staffing leases its employees as part of a co-employment relationship to real estate agencies across the country. ABO Staffing is responsible for various administrative tasks regarding its employees, such as payroll and benefits administration for its employees.

**ABO Staffing has also not made any misrepresentations with regard to number of employees who would enroll in the Group Policy**. ABO Staffing, like any other employer, has no ability to anticipate the number of employees who will enroll in an employee sponsored benefits plan. UHC wrongfully asserts that ABO misrepresented the number of employees who it anticipated would enroll in the program and deceitfully enrolled employees using UHC's online self-serve system without notifying UHC. As previously noted, such as accusation is a misleading red hearing. ABO has no obligation to request permission, to verify, or to inform UHC when it is enrolling employees in the Group Policy. ABO Staffing utilized UHC's online self-serve system to add enrollees, as required. **ABO Staffing did not misstep by using the processes set in place by UHC to enroll individuals in the Group Policy**.

Finally, **ABO Staffing cannot be said to have made any misrepresentation with regard to the number of claims which have been filed under the plan.** Like any other employer, ABO has no ability to anticipate the number of claims which will be filed under the plan.

UHC has not presented any substantiated evidence of a material misrepresentation, and ABO Staffing has not been provided any opportunity to explain, address, or correct any action which UHC perceives to be a "material misrepresentation." UHC's Response to the present

4

Motion is the first time in which ABO Staffing is learning of the actions which UHC perceives to be "material misrepresentation" entitling it to rerate or cancel the policy. UHC asserts in its Response that ABO Staffing has had notice of its concerns regarding the Group Policy since April 2022. UHC fails to attach any support for this claim, and ABO Staffing is unaware of any support for this claim at this early stage of litigation.

Accordingly, there is a strong likelihood that ABO will prevail on the merits as, at this early stage of litigation, it is clear that UHC has breached its agreement to provide health insurance coverage for ABO Staffing's eligible employees by attempting to either rerate or cancel the Group Policy seven months into the policy.

**B. ABO Staffing and its covered employees will suffer irreparable harm if the injunction is not issued as hundreds of families across the county will either unexpectedly be without health insurance coverage or be force to pay an astronomical premium**.

UHC has not provided ABO Staffing "months" to obtain alternative coverage for its employees as claimed in its Response. On June 30, 2022, ABO Staffing received notice from UHC that it intended to rerate the Group Policy, effective July 1, 2022, or in the alternative, terminate the Group Policy on August 1, 2022. (**Exhibit D**, 6/30/2022 Correspondence, ECF No. 5-5). UHC provided ABO Staffing with two re-rate options and UHC demanded that ABO Staffing decide which course of action to take by July 11, 2022, a mere 11 days after providing ABO Staffing notice of the impending rerate. (**Exhibit D**).

On July 20, 2022, UHC, again, changed the rules of the game and made the decision of which rerate option ABO Staffing would be bound to for ABO Staffing and without ABO Staffing's consent. (**Exhibit G**, 7/20/2022 Correspondence, ECF No. 5-8). Thus, **ABO Staffing was not provided "months" to obtain alternative coverage for its employees, but rather mere days**.

ABO Staffing and its employees will suffer irreparable injury if the injunction is not issued and ABO Staffing is forced for abide by the unilateral changes to the Group Policy or cancelation

5

of the Group Policy. To protect the interests of its covered employees and their dependents, it is necessary for ABO Staffing to have at least 60 days to obtain alternative health insurance coverage for its employees. ABO Staffing needs at least 60 days before UHC's threatened rate increase or recission of the Group Policy takes effect because of the time that it takes to research, obtain, and administer a new group health insurance policy for hundreds of employees and their dependents. While ABO Staffing was able to rapidly obtain health insurance coverage for approximately two-thirds (2/3) of its employees enrolled under UHC's Group Policy, those employees have not yet all been enrolled in the new health insurance coverage. This is because employees need a reasonable amount of time to discuss the important health care decision with their families, to relay their selections back to ABO Staffing, for ABO Staffing to enroll the individuals into the new policy, and for the new insurer to process those selections and begin coverage. As for the remaining one-third (1/3) of covered persons, ABO is diligently seeking alternative coverage, but needs time to obtain coverage and engage in the aforementioned process for those employees.

C. **An injunction will not cause substantial harm to UHC and the public interest will be served by not forcing hundreds of families across to bear the burden of a dispute between UHC and ABO Staffing.**

ABO and its covered employees will unquestionably be harmed unless the requested injunction is granted. The requested injunction simply requests that UHC continue to provide health insurance coverage which it agreed to provide for a limited period of time while ABO obtains alternative coverage for the effected families. Any harm to UHC, of which there is none, will be monetary in nature and can be addressed at a later time. Thus, on balance, the harm to the families who stand to unexpectedly lose their healthcare coverage or be forced to pay an astronomical increase in their premium rates is unquestionably more substantial than the possible monetary damages which UHC may incur. Finally, the public interest is benefited by the

6

enforcement of standard Group health insurance policy language which sets forth the parties' mutual understanding of when and how a policy can be rerated or rescinded.

II.     **Any clerical errors in the verified Amended Complaint were inadvertent, due to the emergency nature of the pleading, and can be corrected.**

WHEREFORE, the ABO Staffing respectfully requests that this Honorable Court grant its present Motion and issue a Preliminary Injunction prohibiting UHC from enforcing its premium rate change or rescinding the group policy for 28 days, until September 1, 2022, and/or any other relief that this Honorable Court deems equitable and just under the circumstances.

Respectfully submitted,
VANDEVEER GARZIA, P.C.

  /s/ David B. Timmis
BY: _____
DAVID B. TIMMIS (P40539)
DAVID Q. HOUBECK (P77002)
Attorneys for Plaintiff
840 W. Long Lake Road, Ste. 600
Troy, MI  48098
Dated:  August 8, 2022                    (248) 312-2800

## PROOF OF SERVICE

The undersigned certifies that on August 8, 2022, a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by electronic filing with the Clerk of the Court using the ECF System which will send notification of such filing to the foregoing attorneys of record.  I declare under the penalty of perjury that the statement above is true to the best of my information knowledge and belief.

*/s/ Alyssa Hughes*
_____
Alyssa Hughes