UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABO STAFFING SERVICES, INC.,

    Plaintiff/Counterclaim
    Defendant,

v.

    Civil Case No. 22-11696
    Honorable Linda V. Parker

UNITEDHEALTHCARE
INSURANCE COMPANY,

    Defendant/Counterclaim
    Plaintiff,

v.

DAVID OTTO *et al.*,

    Additional Counterclaim
    Defendants,

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 27)

This is a diversity action arising out of a health insurance contract dispute. On July 22, 2022, Plaintiff ABO Staffing Services Inc. ("ABO") initiated this lawsuit against its healthcare provider, UnitedHealthcare Insurance Company ("United"). (ECF No. 1.) On July 26, 2022, ABO filed a motion for a temporary restraining order ("TRO") and/or preliminary injunction, ECF No. 5, which the Court subsequently denied on August 12, 2022, after weighing all relevant factors.

(ECF No. 18.) The matter is presently before the Court on ABO's motion for reconsideration, ECF No. 27, of this Court's decision denying the TRO. United has filed a response to the motion. (ECF No. 31.) For the reasons that follow, the Court is denying the motion.

## Applicable Law and Analysis

Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration. As currently written, the rule provides as follows with respect to non-final orders such as the decision on Defendant's motion for a TRO and/or preliminary injunction:

> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2). "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce

new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018)

In the motion, ABO argues that the Court should reconsider its Order and "its finding that Plaintiff 'likely made a material misrepresentation' " in the group health insurance application and/or the renewal process with United because of new facts that came to light after the issuance of the Court's Order. (ECF No. 27 at Pg ID 3608.) ABO also asserts that United should be sanctioned for allegedly "frivolous and specious" conduct. (*Id.* at 3630.) However, ordering sanctions would be inappropriate on a motion for reconsideration, and as such, the Court will not address that argument. *See Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997) (citing Fed. R. Civ. P. 11(c)(1)(A)) (a request for sanctions has "specific procedural requirements" including that it cannot be buried within another motion: it must be filed separately and "describe the specific conduct alleged to violate [Rule 11(b)].".)

Regarding the new facts, ABO maintains that after the Court entered its order, ABO "discovered that the original Application submitted to [United] by the insurance broker, HUB International Midwest Limited (HUB), included the response of 'yes' to the question whether Plaintiff 'utilized' a Professional Employer Organization (PEO) or Administrative Services Organization (ASO), contrary to UHC's claim that the 'initial' Application included a response of 'no'

3

to this question." (*Id.* at 3609-10.) Even if true, however, the Court is not convinced that ABO did not have access to the original documents and could not have produced them at the hearing or any time before the ruling. As the local rules specify, for a Court to reconsider its order, "the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. L.R. 7.1(h)(2)(C). Reasonable diligence on ABO's part would have uncovered such a discrepancy.

## Conclusion

For the reasons stated, the Court finds no mistake in its TRO Order that warrants a different outcome. *See* E.D. Mich. L.R. 7.1(h)(2).

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration (ECF No. 27) is **DENIED**.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 5, 2023