UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABO STAFFING SERVICES, INC,

    Plaintiff/Counter-Defendant,

v.

UNITEDHEALTHCARE
INSURANCE COMPANY,

    Defendant/Counter-Plaintiff,           Case No. 22-cv-11696
                                                      Honorable Linda V. Parker

and

HUB INTERNATIONAL MIDWEST
LIMITED,

    Defendant.

v.

DAVID OTTO *et al.*,

    Counter-Defendants.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL (ECF NO. 52)</u>**

    This matter is presently before the Court on a motion for interlocutory appeal pursuant to Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b), brought by Plaintiff/Counter-Defendant ABO Staffing Services, Inc. ("ABO"). (ECF No. 52.)  ABO seeks to immediately appeal this Court's June 7, 2023

decision granting in part and denying in part ABO's motion to file a second amended complaint (ECF No. 39), and the Court's March 25, 2024 decision denying ABO's subsequent motion for reconsideration (ECF No. 49). The Court had denied ABO's request to add the following counts to its Second Amended Complaint: (II) injunctive relief against UnitedHealthCare Insurance Company ("United"); (III) tortious interference with business contracts, expectancies, and/or relations against United; (IV) negligence and/or gross negligence against HUB International Midwest Limited ("HUB"); and (VII) respondeat superior against United and HUB. ABO's motion for reconsideration is fully briefed. (ECF Nos. 54-57.)

## Standard for Interlocutory Appeal

Under Rule 54(b), a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review. Pursuant to § 1292(b), a court "may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)) (emphasis removed). The party seeking an interlocutory

appeal bears the burden of showing that an immediate appeal is warranted. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)).

When deciding whether to certify an order for interlocutory appeal under § 1292(b), courts must heed the Sixth Circuit's warning that such review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 350 (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). The Supreme Court additionally has held that, in general, "[r]estricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

## Application

### Controlling Question of Law

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citation omission). The Sixth Circuit has broadly stated that "[t]he sufficiency of a complaint is a question of law." *In re Trump*, 874 F.3d at 951 (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)). The Sixth Circuit found in that case that the "district court's order holding that the allegations of the complaint

stated a facially valid claim for 'incitement to riot' under §§ 525.040 and 467.070 of the Kentucky Revised Statutes falls comfortably within the category of an 'order that involves a question of law.'" *Id.* (citing 28 U.S.C. § 1292(b); *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018 (6th Cir. 2001)).

While interlocutory appeals may be "frequently . . . allowed on the question whether the plaintiff has stated a claim if the problem is a difficult one of substantive law," they are infrequently granted when the question is "a mere matter of properly pleading a claim sought to be brought within a recognized and generally sufficient legal theory." Edward H. Cooper, 16 Fed. Prac. & Proc. § 3931 (3d ed.) (internal footnotes omitted and collecting cases). As the Eleventh Circuit Court of Appeals has explained: "A pure question of law is an issue the court can resolve 'without having to delve beyond the surface of the record to determine the facts,' as opposed to a case-specific question of 'whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'" *Mamani v. Berzain*, 825 F.3d 1304, 1312 (2016) (quoting *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004)); *see also United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340-341 (4th Cir. 2017) (quotation marks and citation omitted) (explaining that interlocutory review "may be appropriate where the court of appeals can rule on a pure, controlling question of law" but "is not appropriate

where, for example, the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case"); *Harriscom v. Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal . . ..").

This Court's rulings for which ABO seeks an interlocutory appeal do not raise pure questions of law. Instead, the controlling issues are questions of fact applied to settled law. Thus, this first requirement is not satisfied.

**Substantial Ground for Difference of Opinion**

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d at 952 (quoting *Reese v. BP Expl., Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id*. (quoting *Reese*, 643 F.3d at 688). Courts in this district have identified four circumstances where a "substantial ground for difference of opinion" can arise:

5

> "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 4, 2008)); *see also In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016) (quoting *In re Miedzianowski*, 735 F.3d at 384).

The Court's decisions on ABO's motion to amend and motion for reconsideration did not raise issues that fall within any of the above categories. It simply considered whether the facts alleged plausibly supported ABO's proposed state-law claims—claims for which the elements are well established under Michigan law and not subject to debate.

Thus, any questions of law are not questions for which there is a lack of precedent, which are unguided by previous decision, or for which there is a difference of opinion or split among Circuits or within this Circuit.

**Advancement of the Ultimate Termination of the Litigation**

"Appeals fulfilling [this last] criterion typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting *Little v. Louisville Gas & Elec. Co.,* 805 F.3d 695, 699 (6th Cir. 2015)); see also Edward H. Cooper,

6

16 Fed. Prac. & Proc. § 3930 (3d ed.) (concluding "that § 1292(b) is designed to permit interlocutory appeals only for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings").  The Sixth Circuit has provided a few illustrative examples:

> We permitted review when a bankruptcy judge was set to allow a jury trial to proceed that it may have lacked authority to conduct.  *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992).  And we permitted review when a district court was poised to authorize invasive discovery on a complaint that could have failed to state a claim against the President of the United States.  *In re Trump*, 874 F.3d at 952.  So too when a court planned to oversee a trial between two parties that might have agreed to arbitrate their disputes.  *Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 360-61 (6th Cir. 2016).  By contrast, where interlocutory review would not alter the litigation's path, *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002), and where the district court could swiftly proceed to a final judgment even without review, *Kraus v. Bd. of Cnty. Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966), we deferred consideration.

*In re Somberg*, 31 F.4th at 1008.

Unsurprisingly, the examples of where an interlocutory appeal might materially advance the termination of the lawsuit do not include district court decisions on motions to amend the pleadings.  Permitting or encouraging interlocutory appeals of such decisions would stall most cases in the district court and burden appellate court dockets.  Thus, this final requirement also is not satisfied.

## Conclusion

For the reasons stated, the Court finds the requirements for an interlocutory appeal under § 1292(b) unsatisfied.

Accordingly,

**IT IS ORDERED** that ABO's motion to certify this Court's June 7, 2023 and March 25, 2024 decisions for interlocutory appeal is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 20, 2025